**UNITED STATES OF AMERICA,**
**Plaintiff–Appellee,**

v.

**Celestino PEREZ–ESPINO, aka**
**Celestino Espino Perez,**
**Defendant–Appellant.**

**No. 00–50019.**
**D.C. No. CR–99–00084–GLT.**

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 15, 2001.*

Decided Feb. 28, 2001.

Before BEEZER, T.G. NELSON, and BERZON, Circuit Judges.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

MEMORANDUM **

We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

### A. Legality of Perez–Espino's Sentence

Perez–Espino claims that *Apprendi v. New Jersey* [1] requires that his sentence be vacated because the indictment did not charge and the jury did not find beyond a reasonable doubt the fact that he was previously convicted of an "aggravated felony." In light of our recent decision in *United States v. Pacheco–Zepeda,* [2] this claim fails.

### B. Denial of Reduction for Acceptance of Responsibility

The district court found that Perez–Espino's pre-arrest admissions to the INS agents did not demonstrate acceptance of responsibility,[3] that he never expressed remorse for his actions, and that after the jury verdict he did not admit guilt.[4] In light of our deferential review of the district court's findings,[5] we cannot conclude there was error.[6]

We reject Perez–Espino's argument that the district court, in determining that Perez–Espino was not entitled to a reduction for acceptance of responsibility, weighed against him the fact that he objected to the admissibility of the Government's evidence and refused to discuss his case with the probation officer.[7] We have held that if there is insufficient evidence to establish acceptance of responsibility, denial of a reduction is appropriate, even if the lack of evidence results from the defendant's exercise of his constitutional rights.[8]

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

1. 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).

2. 234 F.3d 411 (2000).

3. See *United States v. Innie,* 7 F.3d 840, 848 (9th Cir.1993) (fact that defendant made inculpatory admissions to the authorities does not necessarily demonstrate that he was remorseful or contrite).
   Although Perez–Espino's conviction by trial did not automatically preclude him from consideration for a reduction for acceptance of responsibility, a reduction in such a situation should be rare. *See* USSG § 3E1.1, comment. (n.2). Moreover, a determination that a defendant is entitled to the reduction in such a situation "will be based primarily upon pre-trial statements and conduct." *Id.*

4. *Cf. United States v. Aichele,* 941 F.2d 761, 767 (9th Cir.1991) (defendant who did not make a statement at his sentencing hearing failed to show any indicia of contrition and thus reduction for acceptance of responsibility was unwarranted).

5. "Because of the district court's unique position, its determination regarding acceptance of responsibility is not to be disturbed unless it is without foundation." *Innie,* 7 F.3d at 848; *see also United States v. Vance,* 62 F.3d 1152, 1157 (9th Cir.1995) (stating that "great deference" is accorded to a district court's determination of whether a defendant is entitled to the acceptance of responsibility reduction).

6. As a result, there is no need to address the issue of whether Perez–Espino is entitled to an additional one-point reduction under USSG § 3E1.1(b)(1) for the timeliness of his admission.

7. A defendant may not be punished for failing to participate in fact-gathering at a presentence interview or for exercising his constitutional rights at trial. *Innie,* 7 F.3d at 848; *United States v. LaPierre,* 998 F.2d 1460, 1467 (9th Cir.1993).

8. *LaPierre,* 998 F.2d at 1468 ("[T]he exercise of rights may diminish the defendant's chances of being granted the ... reduction, not because it is weighed against him but because it is likely that there is less evidence of acceptance to weigh in his favor." (quotations omitted)); *see also Innie,* 7 F.3d at 848 ("Although a defendant may manifest a sincere contrition even if he exercises his consti-

Here, the district court's statements concerning these two factors merely indicate that Perez–Espino failed to carry his burden of demonstrating the acceptance of responsibility.[9]

AFFIRMED.

tutional right to trial, his decision to put the government to its burden of proof at trial by denying essential elements of guilt may be inconsistent with an acceptance of responsibility.").

9. *See Innie,* 7 F.3d at 848 (holding that it was proper for the district court to consider the fact that the defendant contested his guilt at trial and refused to discuss his case with the probation officer when it determined that he did not carry his burden of demonstrating acceptance of responsibility).

